[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court finds jurisdiction over the parties in this case based upon their residence in the State of Connecticut. The parties were married in this State on May 21, 1977. There have been two children issue of this marriage, and they have both CT Page 13487 reached the age of majority. The other allegations of the Complaint are found to have been proven through the testimony of the parties.
The Court finds that the marriage of the parties has broken down irretrievably and that there is no hope of a reconciliation. Therefore, the marriage is ordered dissolved.
The Court has considered the statutory criteria for the granting of a dissolution of marriage, the awarding of alimony, counsel fees as well as the division of the assets and liabilities of the parties.
The parties were married in May of 1977. The plaintiff wife is currently 44 years of age, and is in good health. Her financial affidavit shows her to be employed as a secretary earning approximately $310.00 per week net and an additional $32.00 per week from part time employment in a restaurant. The defendant is 50 years of age and has been employed in trucking. He had worked for a company named Overnight for approximately 8 or 9 years as a driver and forklift operator before the separation of the parties, and at the time of the separation, left his employment voluntarily. While working for Overnight, the plaintiff testified that her husband earned approximately $5,000.00 gross per month. At present he reports his income as being $382.00 per week net. The defendant testified that he suffered from diabetes, high blood pressure, and problems with his ankles and his back.
There was a 401K plan in the husband's name at Overnight which he liquidated upon service of this action by the plaintiff. The parties owned a house in Cheshire which fell into foreclosure after the separation of the parties. Neither lives there now, and there is no claim that any equity survived the foreclosure. The plaintiff wife has a small pension account with Smith Barney that was funded through her part time employer. There is no evidence of contribution to that account on a regular basis by either the plaintiff or her employer. There are no other substantial assets.
The plaintiff testified that the cause of the breakdown of the marriage was the defendant's meeting another woman. The meeting and ensuing relationship were quite sudden and completely unexpected to the plaintiff. She testified that several weeks just prior to leaving the home, the defendant had purchased a vehicle for her. She also testified that he called, said he had CT Page 13488 found happiness elsewhere, spoke to the children, and that essentially marked the end of the marriage. The defendant's testimony is that the demands of his job and requirement that he be away on overnight assignments led to distance between the parties. He was alienated from his wife and children, and he and his wife had not shared the same bed for some time. Based upon the foregoing, the Court orders the following:
The Court orders that the plaintiff should retain the Smith Barney account, as well as the furnishings of the household presently in her possession. Personal items belonging to the defendant should be returned to him. The defendant shall pay alimony to the plaintiff in the amount of $125.00 per week for a period of fifteen (15) years, commencing October 08, 1999. Said order in not to be modified as to term. By way of property settlement, the defendant shall pay to the plaintiff the sum of $5,878.43 at the rate of $50.00 per week. That sum represents the plaintiffs proportionate share of the 401K plan used by the husband in violation of the Automatic Court Orders. The award of property settlement should not be considered taxable to the plaintiff wife. Each party shall be responsible for their respective counsel fees. All immediate wage withholding.
Robaina, J.